| 146 | 389 |
| 156 | ²294 |

LEWIS *v.* CITY OF MARSHALL.

1. APPEAL AND ERROR—REVIEW—DIRECTED VERDICT—PROPRIETY.
   In reviewing a judgment on a directed verdict, the court considers the testimony in the light most favorable to the plaintiff in error.

2. HIGHWAYS AND STREETS — DEFECTIVE SIDEWALKS — MUNICIPAL CORPORATIONS—LIABILITY FOR PERSONAL INJURIES — CONTRIBUTORY NEGLIGENCE.
   In an action against a city for a personal injury caused by a fall on a defective sidewalk, evidence examined, and *held*, that whether plaintiff was, under all the circumstances, using proper care either in going upon the walk, or in her passage over it, was a question for the jury.

Error to Calhoun; North, J. Submitted October 12, 1906. (Docket No. 75.) Decided November 13, 1906.

Case by Eva A. Lewis against the city of Marshall for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Reversed.

*H. J. Courtright* and *Hatch & Page*, for appellant:

As the evidence clearly shows that the plaintiff did not know of the particular defect complained of, the court erred in holding, as a matter of law, that she was guilty of contributory negligence, even though she knew that the walk was in bad condition, and had that fact in mind at the time of the accident.. *Lowell* v. *Township of Watertown*, 58 Mich. 568; *Dundas* v. *City of Lansing*, 75 Mich. 499–509; *Oesterreich* v. *City of Detroit*, 137 Mich. 415–418; *Whoram* v. *Township of Argentine*, 112 Mich. 20; *Vergin* v. *City of Saginaw*, 125 Mich. 499; *Styles* v. *Village of Decatur*, 131 Mich. 443; *Barnes* v. *WestBay City*, 138 Mich. 93.

When the question of contributory negligence is not free from doubt, it should be submitted to the jury. *Dundas* v. *City of Lansing*, 75 Mich. 499–510; *Graves* v. *City of Battle Creek*, 95 Mich. 266–272.

As the testimony of the plaintiff conclusively shows that she was in the exercise of at least ordinary care, the question of contributory negligence was for the jury. *Laughlin* v. *Railway Co.*, 62 Mich. 220–228; *Herring* v. *City of St. Joseph*, 137 Mich. 480.

*William H. Porter*, for appellee:

Plaintiff's negligence contributed to causing the injury of which she complains. *Dittrich* v. *City of Detroit*, 98 Mich. 248; *Black* v. *City of Manistee*, 107 Mich. 60; *Grandorf* v. *Railway Co.*, 113 Mich. 496; *Irion* v. *City of Saginaw*, 120 Mich. 295; *Vergin* v. *City of Saginaw*, 125 Mich. 502; *King* v. *Township of Colon*, 125 Mich. 517.

OSTRANDER, J.    Upon the case made by the plaintiff, the trial court directed a verdict for defendant, for the reason that plaintiff's negligence contributed to her injury. The case for the plaintiff tended to prove that both east and west of the point where the injury occurred, the walk had been removed a year or more, and pedestrians walked upon the ground. Opposite to a gateway leading to private property, a portion of the walk, consisting of boards running east and west, remained, and at each end of this driveway, connected with it, there were a few boards running north and south, a part of the old sidewalk. Plaintiff, on the morning of August 11, 1905, while passing over this short piece of sidewalk, and when near the west end of it, was thrown down and injured. She either stepped in a hole made by a broken plank, or caught her foot under a plank. She was, at the time, carrying a few apples in her apron. Four weeks previously, in going over the walk with her husband, in the evening, she had caught her foot, on the north side of the walk, in a wire which was in use across the ends of the boards to keep them in place. Upon the occasion of her injury, she was looking for and seeking to avoid this wire. Pedestrians, to some extent, avoided this piece of walk and in doing so made beaten paths on the north and south sides of it. Plaintiff testified:

" The fact that there was a pathway on each side had not attracted my attention, only I knew there was a walk, and a beaten path on each side. I am sure of that. I never walked on that path. * * * There was a path on each side of this piece of walk, a path that people walked around, had walked there. They was worn down so there was no grass there—down to the dirt—hard.

"*Q.* Do you know why they had done so?

"*A.* I suppose because the walk was bad. I didn't go around because I seldom walk on the ground. I rather walk on the boards there where it ain't dirty, as much as I can. It had not been raining any that day that I remember of."

She also testified:

"*Q.* Well, now, if there was a depression or hole in this walk, you could have seen it there if you had been looking, couldn't you?

"*A.* If I had been looking for a hole, yes, if I had known it was there, and I had been looking for a hole.

"*Q.* You knew before that the sidewalk was bad?

"*A.* I knew about that wire, yes, I knew the wire was there, but I did not know the sidewalk was bad. I had never been over it very many times."

It is unnecessary to set out more of the evidence. There is some of it which tends to prove that plaintiff did not exercise the care in the use of the way that conditions which were apparent and her previous acquaintance with those conditions enjoined. For the purposes of this case, her testimony and that of her witnesses must be viewed in the light most favorable to her. It cannot be said, in view of previous decisions of this court, that her want of due care is, as matter of law, established. We have had occasion recently (*Hodge* v. *City of St. Louis,* ante, 173) to review the cases, and to again distinguish those in which it has been held that the negligence of plaintiff is, as matter of law, made out. The cases are collected in the briefs of counsel. A careful examination of the record leads to the conclusion that it cannot be said that the public was not invited to use the walk in question, that the defect which caused the injury was obvious, or

that plaintiff was not using care to pass over the walk in safety, giving especial attention to the particular defect therein of which she had knowledge. Whether she was, under all the circumstances, using proper care either in going upon the walk, or in her passage over it, was, upon this record, a question for the jury.

The judgment is reversed, and a new trial granted.

GRANT, BLAIR, |MONTGOMERY, and HOOKER, JJ., concurred.